IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Steven Eric Walker, | 2:06-cv-02062-ATG |
| Petitioner, | ORDER VACATING STAY AND DENYING HABEAS PETITION |
| vs. | |
| D.K. Sisto, Warden, | |
| Respondent. | |

  Petitioner Steven Eric Walker ("Petitioner") filed a Motion to Vacate Stay of Proceeding on October 29, 2009. (Docket #23). That Motion is GRANTED.

  Petitioner challenges the 2004 and 2005 decisions by the Board of Prison Terms (now the Board of Parole Hearings) that found Petitioner unsuitable for parole. Because Petitioner is in custody pursuant to a state court adjudication and because he filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act, this Court cannot grant a writ of habeas corpus unless the state court's adjudication resulted in a decision that (a) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (b) was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). Under the look through doctrine, we look to the last reasoned state-court judgment and analyze whether the reasoned state judgment was erroneous under the standard of § 2254(d). *See Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991). The last reasoned decision is from the California

1   Court of Appeal.  (*See* Docket # 9 Ex. 6).

2   Some evidence must support the Board's decision to deny Petitioner parole.  *See Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006).  Here, as the California Court of Appeal noted, the board correctly found that the motive for Petitioner's crime was inexplicable or trivial in relation to the offense.  Moreover, Petitioner has not adequately addressed his alcohol problem, which was a factor in the crime.  Therefore, the Board's decision was based on some evidence.  Accordingly, the state court decision was not contrary to or an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of facts.  Thus, Petitioner's habeas petition is DENIED.

The parties dispute whether Petitioner timely challenged the Board's 2004 denial of parole.  Because we conclude that the California Court of Appeal was correct on the merits, we need not reach this issue.

Dated:  December 3, 2009

/s/ Alfred T. Goodwin
_____
ALFRED T. GOODWIN
United States Circuit Judge
Sitting by designation